**Attorney ID – TG-3528**
**Todd J. Gelfand, Esquire**
**BARKER, GELFAND & JAMES**
A Professional Corporation
Linwood Greene – Suite 12
210 New Road
Linwood, New Jersey 08221
(609) 601-8677
TGelfand@BarkerLawFirm.net

Attorney for Defendants, The City of Millville, Chief of Police Jody Farabella, K-9 Officer Michael Calchi, Officer Gavin Phillips, and Officer Jeffrey Profit, Jointly, Severally, and in the Alternative

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY - CAMDEN**

| | |
|---|---|
| THE ESTATE OF JOEY MYERS AND CAROLYN K CHAUDRY, AS ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF JOEY MYERS, AND IN HER OWN RIGHT,<br>          Plaintiffs,<br>v.<br><br>CITY OF MILLVILLE;<br>CHIEF JODY FARABELLA,<br>     Individually and in his<br>     official capacity;<br>OFFICER MICHAEL CALCHI;<br>OFFICER GAVIN PHILLIPS;<br>OFFICER JEFFREY PROFITT; and,<br>JOHN DOE POLICE OFFICERS 1-10,<br>     Individually and in their<br>     official capacities<br>          Defendants. | Civil Action<br>17-cv-01411 (JHR/AMD) |

_____

**ANSWER TO PLAINTIFFS' COMPLAINT**

On behalf of the Defendants,
The City of Millville, Chief of Police Jody Farabella, K-9 Officer Michael Calchi, Officer Gavin Phillips, and Officer Jeffrey Profit

Jointly, Severally, and in the Alternative
_____

NOW COME the Defendants, The City of Millville, Chief of Police Jody Farabella, K-9 Officer Michael Calchi, Officer Gavin Phillips, and Officer Jeffrey Profit, Jointly, Severally, and in the Alternative, by and through their attorney, Todd J. Gelfand, Esquire of the Law Offices of Barker, Gelfand, James & Sarvas, and by way of Answer to the Plaintiff's Complaint, hereby state as follows:

**PARTIES**

1. Denied.

2. Admitted.

3. Denied.

4. The answering Defendants are without sufficient information to form a belief as to the truth of the statements made within this paragraph; therefore, the answering Defendants enter a formal denial, and put the Plaintiff to proof.

5. The answering Defendants are without sufficient information to form a belief as to the truth of the statements made within this paragraph; therefore, the answering Defendants enter a formal denial, and put the Plaintiff to proof.

6. Admitted.

7. Admitted.

8. Denied.

9. Admitted.

Answer to Plaintiffs' Complaint of the Defendants, The City of Millville, Chief Jody Farabella, Officer Michael Calchi, Officer Gavin Phillips, & Officer Jeffrey Profit, Jointly, Severally, & in the Alternative

Myers v Millville, et al. Page 2 of 20

BARKER, GELFAND, JAMES & SARVAS • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

10. Denied.

11. Admitted.

12. Denied.

13. Admitted.

14. Denied.

15. Admitted, except that the legal conclusion as to standard of municipal liability is neither Admitted or Denied.

16. Admitted, except that the legal conclusion as to standard of municipal liability is neither Admitted or Denied.

17. Admitted.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Admitted based upon these answering Defendants view of all times relevant.

## JURISDICTION AND VENUE

24. Admitted as to basis of jurisdiction.

25. Admitted for purposes of venue.

Answer to Plaintiffs' Complaint of the Defendants, The City of Millville, Chief Jody Farabella, Officer Michael Calchi, Officer Gavin Phillips, & Officer Jeffrey Profit, Jointly, Severally, & in the Alternative

Myers v Millville, et al.                                                                                      Page 3 of 20

BARKER, GELFAND, JAMES & SARVAS • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

26. The answering Defendants are without sufficient information to form a belief as to the truth of the statements made within this paragraph; therefore, the answering Defendants enter a formal denial, and put the Plaintiff to proof.

27. The answering Defendants are without sufficient information to form a belief as to the truth of the statements made within this paragraph; therefore, the answering Defendants enter a formal denial, and put the Plaintiff to proof.

28. Admitted only that the police appear to have been notified of a possible/apparent break-in and/or burglary in progress. Otherwise Denied.

29. Admitted that these things happened. Denied as to other things in sequence omitted.

30. Admitted.

31. Admitted.

32. Admitted that K-9 Officer Calchi recognized Chase was engaging Officer Proffit and immediately stopped Chase from doing so.

33. Admitted that Chase disengaged Officer Proffit who remained/wound up outside the window while Chase remained under the control of Officer Calchi.

Answer to Plaintiffs' Complaint of the Defendants, The City of Millville, Chief Jody Farabella, Officer Michael Calchi, Officer Gavin Phillips, & Officer Jeffrey Profit, Jointly, Severally, & in the Alternative

Myers v Millville, et al.                                                                                          Page 4 of 20

BARKER, GELFAND, JAMES & SARVAS • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

34. Admitted that Officer Calchi was successful in controlling Chase.

35. Admitted.

36. The answering Defendants are without sufficient information to form a belief as to the truth of the statements made within this paragraph; therefore, the answering Defendants enter a formal denial, and put the Plaintiff to proof.

37. Admitted.

38. Admitted.

39. Admitted.

40. Denied.

41. Admitted that Joey Myers resisted and struck at Chase and Chase apprehended.

42. Admitted that officer Calchi disengaged Chase from Joey Myers.

43. Denied.

44. Denied.

45. Admitted that Joey Myers was bit by Chase and after Joey Myers was arrested, the Millville Rescue Squad was summoned for treatment.

46. Admitted.

47. Admitted.

Answer to Plaintiffs' Complaint of the Defendants, The City of Millville, Chief Jody Farabella, Officer Michael Calchi, Officer Gavin Phillips, & Officer Jeffrey Profit, Jointly, Severally, & in the Alternative

Myers v Millville, et al.                                                                 Page 5 of 20

BARKER, GELFAND, JAMES & SARVAS • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

48. The answering Defendants are without sufficient information to form a belief as to the truth of the statements made within this paragraph; therefore, the answering Defendants enter a formal denial, and put the Plaintiff to proof.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

### FIRST CLAIM FOR RELIEF

**Liability of the City of Millville and Police Chief Jody Farabella for Federal Constitutional Violations 42 U.S.C. § 1983**

55. The Defendants' answers to the allegations set forth in the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

56. Denied.

57. Denied.

58. Denied.

58a. Denied.

59. Denied.

60. Denied.

Answer to Plaintiffs' Complaint of the Defendants, The City of Millville, Chief Jody Farabella, Officer Michael Calchi, Officer Gavin Phillips, & Officer Jeffrey Profit, Jointly, Severally, & in the Alternative

Myers v Millville, et al.  Page 6 of 20

BARKER, GELFAND, JAMES & SARVAS • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

WHEREFORE, the answering Defendants, The City of Millville, Chief of Police Jody Farabella, K-9 Officer Michael Calchi, Officer Gavin Phillips, and Officer Jeffrey Profit, Jointly, Severally, or in the Alternative, demand judgment dismissing the Plaintiffs' Complaint and for such other relief as the Court deems just and equitable, including but not limited to an award of counsel fees and costs.

## SECOND CLAIM FOR RELIEF

*Liability of Defendants Calchi, Phillips, Proffit, and John Doe Police Officers 1-10 for Federal Constitutional Violations*

61. The Defendants, The City of Millville, Chief of Police Jody Farabella, K-9 Officer Michael Calchi, Officer Gavin Phillips, and Officer Jeffrey Profit, Jointly, Severally, and in the Alternative, repeat and incorporate herein by reference each and every answer to each of the preceding paragraphs, as if more fully set forth at length herein.

62. Admitted.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

WHEREFORE, the answering Defendants, The City of Millville, Chief of Police Jody Farabella, K-9 Officer Michael Calchi, Officer Gavin Phillips, and Officer Jeffrey Profit, Jointly, Severally, or

Answer to Plaintiffs' Complaint of the Defendants, The City of Millville, Chief Jody Farabella, Officer Michael Calchi, Officer Gavin Phillips, & Officer Jeffrey Profit, Jointly, Severally, & in the Alternative

Myers v Millville, et al.                                                                                           Page 7 of 20

BARKER, GELFAND, JAMES & SARVAS • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

in the Alternative, demand judgment dismissing the Plaintiffs' Complaint and for such other relief as the Court deems just and equitable, including but not limited to an award of counsel fees and costs.

### THIRD CLAIM FOR RELIEF

*Supervisory Liability of Defendant Chief Farabella 42 U.S.C. §1983*

68. The Defendants, The City of Millville, Chief of Police Jody Farabella, K-9 Officer Michael Calchi, Officer Gavin Phillips, and Officer Jeffrey Profit, Jointly, Severally, and in the Alternative, repeat and incorporate herein by reference each and every answer to each of the preceding paragraphs, as if more fully set forth at length herein.

69. Admitted.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

WHEREFORE, the answering Defendants, The City of Millville, Chief of Police Jody Farabella, K-9 Officer Michael Calchi, Officer Gavin Phillips, and Officer Jeffrey Profit, Jointly, Severally, or in the Alternative, demand judgment dismissing the Plaintiffs' Complaint and for such other relief as the Court deems just and equitable, including but not limited to an award of counsel fees and costs.

### FOURTH CLAIM OF RELIEF

Answer to Plaintiffs' Complaint of the Defendants, The City of Millville, Chief Jody Farabella, Officer Michael Calchi, Officer Gavin Phillips, & Officer Jeffrey Profit, Jointly, Severally, & in the Alternative

Myers v Millville, et al.                                                                 Page 8 of 20

BARKER, GELFAND, JAMES & SARVAS • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

***Violation of New Jersey Civil Rights Act* N.J.S.A. *10:6-1, et. seq. Defendants Calchi, Phillips, Proffit and John Doe Police Officers 1-10***

74. The Defendants, The City of Millville, Chief of Police Jody Farabella, K-9 Officer Michael Calchi, Officer Gavin Phillips, and Officer Jeffrey Profit, Jointly, Severally, and in the Alternative, repeat and incorporate herein by reference each and every answer to each of the preceding paragraphs, as if more fully set forth at length herein.

75. Denied.

76. Denied.

77. Denied.

WHEREFORE, the answering Defendants, The City of Millville, Chief of Police Jody Farabella, K-9 Officer Michael Calchi, Officer Gavin Phillips, and Officer Jeffrey Profit, Jointly, Severally, or in the Alternative, demand judgment dismissing the Plaintiffs' Complaint and for such other relief as the Court deems just and equitable, including but not limited to an award of counsel fees and costs.

**FIFTH CLAIM FOR RELIEF**

***Battery Defendants Calchi, Phillips, Proffit and John Doe Police Officers 1-10***

78. The Defendants, The City of Millville, Chief of Police Jody Farabella, K-9 Officer Michael Calchi, Officer Gavin Phillips, and Officer Jeffrey Profit, Jointly, Severally, and in

Answer to Plaintiffs' Complaint of the Defendants, The City of Millville, Chief Jody Farabella, Officer Michael Calchi, Officer Gavin Phillips, & Officer Jeffrey Profit, Jointly, Severally, & in the Alternative

Myers v Millville, et al. Page 9 of 20

BARKER, GELFAND, JAMES & SARVAS • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

the Alternative, repeat and incorporate herein by reference each and every answer to each of the preceding paragraphs, as if more fully set forth at length herein.

    79.    Admitted, generally.

    80.    Denied.

    81.    Denied.

    82.    Denied.

WHEREFORE, the answering Defendants, The City of Millville, Chief of Police Jody Farabella, K-9 Officer Michael Calchi, Officer Gavin Phillips, and Officer Jeffrey Profit, Jointly, Severally, or in the Alternative, demand judgment dismissing the Plaintiffs' Complaint and for such other relief as the Court deems just and equitable, including but not limited to an award of counsel fees and costs.

### SIXTH CLAIM FOR RELIEF

*Negligence City of Millville*

    83.    The Defendants, The City of Millville, Chief of Police Jody Farabella, K-9 Officer Michael Calchi, Officer Gavin Phillips, and Officer Jeffrey Profit, Severally, and in the Alternative, repeat and incorporate herein by reference each and every answer to each of the preceding paragraphs, as if more fully set forth at length herein.

    84.    With exceptions based on context, generally Admitted.

    85.    Denied.

Answer to Plaintiffs' Complaint of the Defendants, The City of Millville, Chief Jody Farabella, Officer Michael Calchi, Officer Gavin Phillips, & Officer Jeffrey Profit, Jointly, Severally, & in the Alternative

Myers v Millville, et al.    Page 10 of 20

BARKER, GELFAND, JAMES & SARVAS • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

86. Denied.

87. Denied.

WHEREFORE, the answering Defendants, The City of Millville, Chief of Police Jody Farabella, K-9 Officer Michael Calchi, Officer Gavin Phillips, and Officer Jeffrey Profit, Jointly, Severally, or in the Alternative, demand judgment dismissing the Plaintiffs' Complaint and for such other relief as the Court deems just and equitable, including but not limited to an award of counsel fees and costs.

**SEPARATE and AFFIRMATIVE DEFENSES**
**Pled Jointly, Severally, or in the Alternative on behalf of the Defendants, The City of Millville, Chief of Police Jody Farabella, K-9 Officer Michael Calchi, Officer Gavin Phillips, and Officer Jeffrey Profit**

1. The answering Defendants were not guilty of any negligence, wrongdoing, breach of duty, or misconduct which was the proximate or producing cause of any injuries or damages alleged by the Plaintiff.

2. Any claims against the answering Defendants are barred by contributory negligence, or should be mitigated by comparative negligence of the deceased, pursuant to NJSA 2A:15-5.1, *et seq*.

3. Any injuries and damages were caused by, and arose out of, risks of which the deceased had full knowledge, and which the deceased assumed.

4. Any and all injuries were caused solely by the intentional behavior of the deceased.

Answer to Plaintiffs' Complaint of the Defendants, The City of Millville, Chief Jody Farabella, Officer Michael Calchi, Officer Gavin Phillips, & Officer Jeffrey Profit, Jointly, Severally, & in the Alternative

Myers v Millville, et al. Page 11 of 20

BARKER, GELFAND, JAMES & SARVAS • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

5. The deceased was not deprived of any right, privilege, or immunity created or recognized by the United States Constitution, the New Jersey Constitution, any statute, or any law.

6. The answering Defendants affirmatively and specifically plead each and every defense, limitation, immunity, and protection provided under the New Jersey Tort Claims Act [NJSA 59:1-1, *et seq.*] and hereby places the Plaintiff on notice that each such statutory provision is hereby raised as a separate and affirmative defense throughout every stage of the case.

7. The answering Defendants are immune from liability for any damages for pain and suffering under NJSA 59:9-2.

8. The answering Defendants are entitled to a credit for any benefits paid to the Plaintiff under NJSA 59:9-2.

9. Any actions, or failure to act, on the part of the answering Defendants were in the nature of the discretionary activity within the meaning of NJSA 59:2-3.

10. The answering Defendants are entitled to the good faith immunity established by NJSA 59:3-3.

11. The Plaintiffs failed to comply with the conditions precedent for making any claim against the answering Defendants by not filing the claim in the manner and within the time provided by

Answer to Plaintiffs' Complaint of the Defendants, The City of Millville, Chief Jody Farabella, Officer Michael Calchi, Officer Gavin Phillips, & Officer Jeffrey Profit, Jointly, Severally, & in the Alternative

Myers v Millville, et al.                                                                                           Page 12 of 20

BARKER, GELFAND, JAMES & SARVAS • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

NJSA 59:8-3, NJSA 59:8-4, NJSA 59:8-5, NJSA 59:8-7, and NJSA 59:8-8.

12. The answering Defendants are entitled to immunity under NJSA 59:2-2.

13. The answering Defendants are entitled to immunity under NJSA 59:2-10.

14. The answering Defendants are immune from any pre-judgment interest under the New Jersey Tort Claims Act [NJSA 59:1-1, *et seq*].

15. The answering Defendants acted upon probable cause and in good faith in carrying out duties.

16. Any action, or inaction, on the part of the answering Defendants was the result of the exercise of judgment or discretion vested in the answering Defendants within the meaning of the applicable law.

17. The answering Defendants acted in good faith, without malicious intent in carrying out all duties.

18. The answering Defendants, at all times, acted reasonably, in good faith, and in accord with all applicable laws of the United States, the State of New Jersey, and local ordinances.

19. All of the acts of the answering Defendants were

Answer to Plaintiffs' Complaint of the Defendants, The City of Millville, Chief Jody Farabella, Officer Michael Calchi, Officer Gavin Phillips, & Officer Jeffrey Profit, Jointly, Severally, & in the Alternative

Myers v Millville, et al.                                                                                   Page 13 of 20

BARKER, GELFAND, JAMES & SARVAS • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

performed in good faith; and, the answering Defendants are, therefore, entitled to *qualified immunity*.

20. The answering Defendants are entitled to absolute immunity.

21. To the extent alleged, if any, the answering Defendants did not engage in a conspiracy against the Plaintiff, and did not have a custom, plan, or practice which violated the rights of the Plaintiff.

22. Punitive damages cannot be awarded against the answering Defendants under both common law and statute.

23. The Plaintiffs are not entitled to an award of economic damages against the answering Defendants.

25. The Plaintiffs are not entitled to an award of interest against the answering Defendants.

26. The Plaintiffs are not entitled to an award of counsel fees against the answering Defendants.

27. Any alleged damages were due to unavoidable circumstances and causes beyond the control of fault of the answering Defendants.

28. The answering Defendants were acting pursuant to law in performing any of the acts alleged in the Plaintiff's Complaint.

29. The answering Defendants assert the applicability of the

Answer to Plaintiffs' Complaint of the Defendants, The City of Millville, Chief Jody Farabella, Officer Michael Calchi, Officer Gavin Phillips, & Officer Jeffrey Profit, Jointly, Severally, & in the Alternative

Myers v Millville, et al.　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 14 of 20

BARKER, GELFAND, JAMES & SARVAS • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

provisions of NJSA 59:8-8 through NJSA 59:8-11 regarding failure to timely file notice of claim and/ or failure to file adequate notice of claim as set forth therein.

30. The claims of the Plaintiffs are barred by the entire controversy doctrine.

31. The Plaintiffs' Complaint is barred by the applicable statute of limitations.

32. The answering Defendants had legitimate, non-discretionary reasons for all acts and omissions of which the Plaintiff complains.

33. The Plaintiffs have failed to exhaust all available administrative remedies.

34. Any recovery to which the Plaintiffs might otherwise be entitled is subject to reduction in accord with the judgments, damages, and interest provided in NJSA 59:9-2.

35. The answering Defendants assert the applicability of NJSA 59:9-3, NJSA 59:9-3.1 [limitations in contribution], and NJSA 59:9-4 regarding joint tortfeasors and the comparative negligence of the Plaintiff.

36. The answering Defendants assert the applicability of NJSA 59:9-5 to limit fees and costs.

37. The answering Defendants, by pressing the aforementioned

Answer to Plaintiffs' Complaint of the Defendants, The City of Millville, Chief Jody Farabella, Officer Michael Calchi, Officer Gavin Phillips, & Officer Jeffrey Profit, Jointly, Severally, & in the Alternative

Myers v Millville, et al.   Page 15 of 20

BARKER, GELFAND, JAMES & SARVAS • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

defenses, do not intend to limit their defenses and/ or rights under the Act, and hereby affirmatively plead the procedural and substantive provisions of the New Jersey Tort Claims Act [NJSA 59:1-1, et seq.], which are applicable and have not been previously cited in this Answer.

38.  The claims of the Plaintiffs are barred by reason of the failure of Plaintiff to mitigate damages.

39.  The claims of the Plaintiffs are barred by reason of the Doctrine of Waiver.

40.  The claims of the Plaintiffs are barred by the reason of the Doctrine of Unclean Hands.

41.  The answering Defendants acted without malice and in good faith; therefore, the answering Defendants are not responsible to the Plaintiffs in damages.

42.  The answering Defendants assert that the Plaintiffs have failed to plead a constitutional violation with such specificity so as to state a cognizable claim under 42 USC §1983.

43.  Any and all damages alleged to have been suffered by the Plaintiffs are not causally related to any act or omission alleged to be chargeable to the answering Defendants.

44.  The answering Defendants deny that the co-Defendants, or any of them, at the time of the incident underlying Plaintiffs'

Answer to Plaintiffs' Complaint of the Defendants, The City of Millville, Chief Jody Farabella, Officer Michael Calchi, Officer Gavin Phillips, & Officer Jeffrey Profit, Jointly, Severally, & in the Alternative

Myers v Millville, et al.                                                                                   Page 16 of 20

BARKER, GELFAND, JAMES & SARVAS • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

Complaint, were the agents, servants, and or employees of the answering Defendants, or any of them.

45. Recovery may only be had under the wrongful death statute [NJSA 2A:31-1, *et seq*.], for pecuniary damages. Loss of society and loss of comfort damages are not recoverable under the statute, and loss of services is limited to services substantially equivalent to those types of services provided by nurses and nurse practitioners.

46. The answering Defendants hereby raise all defenses available under the Affidavit of Merit Statute [NJSA 2A:53-26, *et seq*.].

47. The answering Defendants performed each and every duty owed to the Plaintiffs.

48. The answering Defendants deny Plaintiffs' claims of proximate causation.

49. The losses and injuries alleged to have been sustained by the Plaintiffs were caused by the sole negligence of the Plaintiffs.

50. The losses and injuries alleged by the Plaintiffs were caused by, and arouse out of, risks of which the Plaintiffs had full knowledge and had assumed.

51. The negligence, if any, was that of others over whom the

Answer to Plaintiffs' Complaint of the Defendants, The City of Millville, Chief Jody Farabella, Officer Michael Calchi, Officer Gavin Phillips, & Officer Jeffrey Profit, Jointly, Severally, & in the Alternative

Myers v Millville, et al.    Page 17 of 20

BARKER, GELFAND, JAMES & SARVAS • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

answering Defendants owed no duty and to whom the answering Defendants exercised no control.

52. The Plaintiffs have failed to state a cause of action upon which relief may be granted.

53. To the extent applicable, the Plaintiffs' claims are barred and/ or limited by the New Jersey Wrongful Death Act [NJSA 2A:3.1, *et seq*.].

54. To the extent applicable, the Defendants raise all defenses under the New Jersey Property/ Liability Guaranty Association Act [NJSA 17:30A-1, *et seq*.].

55. To the extent applicable, the answering Defendants are entitled to a credit for any and all medical bills or other benefits for which Plaintiffs either received, or are entitled to receive, benefits from any collateral source pursuant to NJSA 2A:15-97.

56. The answering Defendants reserve the right to amend this Answer to assert additional affirmative defenses as revealed or suggested by the completion of on-going investigation and discovery.

### COUNTERCLAIM FOR ATTORNEYS' FEES

1. The allegations contained the Plaintiffs' Complaint are frivolous, groundless, and without merit as to the answering Defendants.

Answer to Plaintiffs' Complaint of the Defendants, The City of Millville, Chief Jody Farabella, Officer Michael Calchi, Officer Gavin Phillips, & Officer Jeffrey Profit, Jointly, Severally, & in the Alternative

Myers v Millville, et al.     Page 18 of 20

BARKER, GELFAND, JAMES & SARVAS • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

2. 42 USC §1988 provides for the allowance of reasonable attorneys' fees to the prevailing party in an action arising out of an alleged violation of 42 USC §1983 and the Defendants/ Counterclaimants, Jointly, Severally and in the Alternative, rely upon 42 USC §1988.

3. The answering Defendants/ Counterclaimants also rely upon Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, the answering Defendants, The City of Millville, Chief of Police Jody Farabella, K-9 Officer Michael Calchi, Officer Gavin Phillips, and Officer Jeffrey Profit Jointly, Severally, or in the Alternative, demand judgment dismissing the Plaintiffs' Complaint and for such other relief as the Court deems just and equitable, including but not limited to an award of counsel fees and costs.

### **RESERVATION OF RIGHTS**

The Defendants, The City of Millville, Chief of Police Jody Farabella, K-9 Officer Michael Calchi, Officer Gavin Phillips, and Officer Jeffrey Profit, Jointly, Severally, or in the Alternative, reserve the right, at or before trial, to move to dismiss the Plaintiffs' Complaint and/or for summary judgment, on the grounds that the Complaint fails to state a claim upon which relief can be granted and/or that the answering Defendants are entitled to

Answer to Plaintiffs' Complaint of the Defendants, The City of Millville, Chief Jody Farabella, Officer Michael Calchi, Officer Gavin Phillips, & Officer Jeffrey Profit, Jointly, Severally, & in the Alternative

Myers v Millville, et al.                                                                                                         Page 19 of 20

BARKER, GELFAND, JAMES & SARVAS • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

judgment as a matter of law, based on any or all of the above defenses.

## JURY DEMAND

This answering Defendants, The City of Millville, Chief of Police Jody Farabella, K-9 Officer Michael Calchi, Officer Gavin Phillips, and Officer Jeffrey Profit, Jointly, Severally, or in the Alternative, hereby demand a trial by jury on all issues subject to trial by jury.

> BARKER, GELFAND & JAMES
> A Professional Corporation
>
> By:  __s/Todd J. Gelfand_____
>      Todd J. Gelfand, Esquire

Dated:  __April 27, 2018_____

Answer to Plaintiffs' Complaint of the Defendants, The City of Millville, Chief Jody Farabella, Officer Michael Calchi, Officer Gavin Phillips, & Officer Jeffrey Profit, Jointly, Severally, & in the Alternative

Myers v Millville, et al.                                      Page 20 of 20

BARKER, GELFAND, JAMES & SARVAS • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221