# BARKER, GELFAND, JAMES & SARVAS

Attorneys at Law
A Professional Corporation

Atlantic County Office:
210 New Road
Linwood Greene – Suite 12
Linwood, New Jersey 08221
(609) 601-8677
(609) 601-8577 – Telefax

A. Michael Barker *
Todd J. Gelfand **
Vanessa E. James **
Jeffrey P. Sarvas
Greg DiLorenzo, Of Counsel

Burlington County Office:
1 Eves Drive, Suite 111
Marlton, New Jersey 08053
(609) 601-8677
(609) 601-8577 – Telefax
E-Mail: TGelfand@BarkerLawFirm.net
*By Appointment Only*

*Certified By the Supreme Court of
New Jersey as a Civil Trial Attorney
** Licensed to Practice in Pennsylvania

Website: www.barkerlawfirm.net
e-mail: TGelfand@BarkerLawFirm.net

Gloucester County Office:
91 Circle Avenue
Pitman, New Jersey 08071
(856) 244-1854
Email: VJames@BarkerLawFirm.net
*By Appointment Only*

Please reply to
ATLANTIC County Office

March 29, 2019

The Honorable Magistrate Judge Ann Marie Donio
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Court Room: 3B
Camden, NJ 08101

Re: The Estate of Joey Myers and Carolyn K. Chaudry, as Administrator Ad Prosequendum of the Estate of Joey Myers, and in her own right v. The City of Millville, Chief Jody Farabella, individually and his official capacity, Officer Michael Calchi, Officer Gavin Phillips, Officer Jeffrey Proffit, and John Doe Police Officers 1-10, individually and in their official capacities
Docket Number: 17-cv-01411 JHR/AMD

Dear Magistrate Judge Donio:

Please accept this letter brief in lieu of a more formal motion for an Order adjourning the deadline for Defendants to serve their expert reports and reserving Defendants' right to file rebuttal expert reports in the event Defendants' motion for summary judgment is denied.

By way of background, on or about July 28, 2017, Defendants filed a motion to dismiss the Complaint in its entirety pursuant to Fed. R. Civ. Pro. 12(b)(6). (See, ECF #12). The motion relied on documents outside the pleading, specifically, police reports and transcripts of police interviews of Myers and Myers' accomplice Raymond Hunter. It was Defendants' position that the Court could

March 29, 2019
The Honorable Magistrate Judge Ann Marie Donio

Re:   The Estate of Joey Myers and Carolyn K. Chaudry, as Administrator Ad Prosequendum of the Estate of Joey Myers, and in her own right v. The City of Millville, Chief Jody Farabella, individually and his official capacity, Officer Michael Calchi, Officer Gavin Phillips, Officer Jeffrey Proffit, and John Doe Police Officers 1-10, individually and in their official capacities
Docket Number: 17-cv-01411 JHR/AMD

consider these "indisputably authentic documents" without converting the motion into a motion for summary judgment. See, e.g., Wei Ly v. Varner, 2014 U.S. Dist. LEXIS 88450, at *8-9 (W.D. Pa. June 30, 2014).

The primary basis of the motion to dismiss was that Myers died in automobile accident unrelated to this action and, as such, cannot provide any further testimony or accounts regarding his version of events. Moreover, it is undisputed that Myers' accomplice, Raymond Hunter, fled the scene prior to the Defendant officers' arrival, if Hunter was ever preset to begin with. Hunter provided a supposed alibi which did not check out, but Hunter nonetheless denies having been there and the only evidence putting him there is the statement of Myers after his arrest, to the Millville police.

Thus, the only competent evidence in this case is the Defendant officers' uncontroverted version of events which Plaintiff cannot meaningfully rebut. Essentially, there is no living witness who could substantiate the allegations in Plaintiff's Complaint or rebut the Defendant officers' version of events.

Oral argument on the motion was held on March 6, 2018. (See, ECF #21). Plaintiffs' counsel argued that limited discovery would enable Plaintiff to demonstrate facts from which a fact finder would find that the police dog in question was a known-dangerous dog which could not be controlled by the K-9 handler, Michael Calchi such that any use of this police dog for criminal apprehension was per se excessive force. Further, Plaintiff's counsel asserted that with limited discovery, perhaps Plaintiff could obtain deposition testimony from the officers which contradicted the officers' reports and demonstrate facts from which excessive force and/or false arrest could be proven. Judge Rodriguez thus denied the defense's motion to dismiss, setting forth that Plaintiff should be entitled to "limited discovery" on this basis, after which the defense would be permitted to file again a motion to dismiss, given the unique circumstance; i.e. lack of any living witness able to substantiate any factual aspect supporting Plaintiff's claim.

Re:    The Estate of Joey Myers and Carolyn K. Chaudry, as Administrator Ad Prosequendum of the Estate of Joey Myers, and in her own right v. The City of Millville, Chief Jody Farabella, individually and his official capacity, Officer Michael Calchi, Officer Gavin Phillips, Officer Jeffrey Proffit, and John Doe Police Officers 1-10, individually and in their official capacities
Docket Number: 17-cv-01411 JHR/AMD

    On May 16, 2018, the Court issued a Scheduling Order which provided that the "limited pretrial factual discovery, as set forth on the record, shall be concluded by September 28, 2018." (See, ECF #36). Plaintiffs' expert reports were due on October 31, 2018 and Defendants' expert report were due by November 20, 2018. Id.

    On June 20, 2018, a Consent Order was entered which further outlined the scope of limited discovery to which Plaintiff was entitled. (See, ECF #39).

    An extension of the discovery, expert report and dispositive motion deadlines was granted on November 21, 2018, by consent of the parties. (See, ECF 52). A further extension of the expert report and dispositive motion deadline was granted by consent of the parties and for good cause shown on January 10, 2019. (See, ECF #56). The deadline for Plaintiff to serve expert report was March 4, 2019,[1] and the deadline for Defendants' to serve their expert reports is currently April 5, 2019. (See, ECF #57). Dispositive motions are currently due no later than June 7, 2019. Id.

    Defendants now file the instant motion seeking an Order adjourning the deadline for Defendants to serve their expert reports and reserving the right for Defendants to file expert reports in the event this action is not dismissed on summary judgment.

    Pursuant to Fed. R. Civ. P. 26(a)(2)(D), expert disclosures and reports must be made "at the times and in the sequence that the court orders." See also, Goodman v. Burlington Coat Factory Warehouse Corp., 292 F.R.D. 230, 233 (D.N.J. 2013) ("In particular, Magistrate Judges have wide discretion to manage their docket and control discovery."); White v. Toyota Motor Corp., 1998 U.S. App. LEXIS 3642, at *10 (4th Cir. Mar. 3, 1998) ("[Plaintiff] also argues that the district court abused its discretion in considering and deciding Toyota's motion for summary judgment without providing [the plaintiff] with an opportunity to depose Toyota's own liability experts. We disagree. The district court's decision to consider and rule on Toyota's motion for summary judgment as it

---

[1] Plaintiff timely served two expert reports, one from a police procedures expert and one from a medical expert.

Page 4 of 5
March 29, 2019
The Honorable Magistrate Judge Ann Marie Donio

Re:   The Estate of Joey Myers and Carolyn K. Chaudry, as Administrator Ad Prosequendum of the Estate of Joey Myers, and in her own right v. The City of Millville, Chief Jody Farabella, individually and his official capacity, Officer Michael Calchi, Officer Gavin Phillips, Officer Jeffrey Proffit, and John Doe Police Officers 1-10, individually and in their official capacities
Docket Number: 17-cv-01411 JHR/AMD

did was well within the court's broad authority to control its own docket."). Thus, it is well within this Court's discretion to grant the requested Order.

It is Defendants' position that, in the instant case, summary judgment can be fully determined without defense expert reports as the determination of whether the officers' conduct was reasonable and the officers' entitlement to qualified immunity are questions of law which are well within this Court's purview. See, Sharrar v. Felsing, 128 F.3d 810, 827 (3d Cir. 1997); Sterling v. Borough of Minersville, 232 F.3d 190, 193 (3d Cir. 2000).

Defendants' request for an Order adjourning the deadline for Defendants to serve their expert reports and reserving Defendants' right to submit expert reports in the event Defendants' motion for summary judgment is denied is in the interest of efficiency and cost management. In short, Defendants wish to save the time and expense of preparing and serving expert reports because they are not necessary for Defendants' anticipated motion for summary judgment. Furthermore, the requested Order will not materially prejudice Plaintiff, as Defendants bear the full risk of proceeding with a motion for summary judgment without expert reports.

For the above stated reasons, it is respectfully requested that this Court enter an Order adjourning the deadline for Defendants to serve their expert reports and reserving Defendants' right to serve expert reports in the event this action is not dismissed on summary judgment.

Thank you for your time and attention.

Respectfully submitted

**BARKER, GELFAND, JAMES & SARVAS**
**A Professional Corporation**


By:   s/Todd J. Gelfand
      Todd J. Gelfand, Esquire

March 29, 2019
The Honorable Magistrate Judge Ann Marie Donio

Re:   The Estate of Joey Myers and Carolyn K. Chaudry, as Administrator Ad Prosequendum of the Estate of Joey Myers, and in her own right v. The City of Millville, Chief Jody Farabella, individually and his official capacity, Officer Michael Calchi, Officer Gavin Phillips, Officer Jeffrey Proffit, and John Doe Police Officers 1-10, individually and in their official capacities
      Docket Number: 17-cv-01411 JHR/AMD


```
cc:    Conrad J. Benedetto, Esquire
       cjbenedetto@benedettolaw.com
       Attorney for Plaintiff

       Frank R. Schirripa, Esquire
       fschirripa@hrsclaw.com
       Attorney for Plaintiff

       Hillary Nappi
       hnappi@hrsclaw.com
       Attorney for Plaintiff
```